*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TIFFANY DION WOODS,

Defendant-Appellant.

UNPUBLISHED
May 2, 2019

No. 342703
Wayne Circuit Court
LC No. 17-003000-01-FH

Before: MARKEY, P.J., and FORT HOOD and GADOLA, JJ.

PER CURIAM.

Defendant appeals by leave granted her jury trial conviction of aggravated stalking, MCL 750.411i. She was acquitted of felonious assault, MCL 750.82. Defendant was sentenced as a third-offense habitual offender, MCL 769.11, to 2 to 10 years' imprisonment for the stalking conviction. We affirm.

This case stems from defendant's actions and conduct directed at the female victim who was involved in a romantic relationship with the father of defendant's children. Defendant and the father of her children were living together when the events giving rise to the charges occurred.

Defendant argues that she was denied the effective assistance of counsel at trial because her attorney did not disqualify herself when the attorney discovered that she was defendant's only alibi witness to an incident involving the slashing of the victim's car tires, which the prosecution was permitted to introduce at trial as other-acts evidence. The incident occurred about a week before the commencement of trial. Defense counsel informed the trial court that defendant could not have slashed the victim's tires because counsel and defendant were in a meeting preparing for trial when defendant allegedly slashed the tires. Counsel also argued that the evidence was more prejudicial than probative. When it became clear that the trial court was going to admit the other-acts evidence, defense counsel raised the conflict and dilemma that she was facing, with the court replying, "You have a problem." Trial counsel chose to continue representing defendant and did not seek to withdraw or to be disqualified. Defendant elected not to testify. The victim testified about having her tires slashed; however, she did not expressly

-1-

claim that defendant committed the act, although that was the implication. On cross-examination, the victim acknowledged that she did not observe defendant slash her tires.

Whether counsel was ineffective presents a mixed question of fact and constitutional law, which we review, respectively, for clear error and de novo. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). In *People v Carbin,* 463 Mich 590, 599-600; 623 NW2d 884 (2001), our Supreme Court recited the core principles governing a claim of ineffective assistance of counsel, observing:

> To justify reversal under either the federal or state constitutions, a convicted defendant must satisfy [a] two-part test . . . . First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not performing as the counsel guaranteed by the Sixth Amendment. In so doing, the defendant must overcome a strong presumption that counsel's performance constituted sound trial strategy. Second, the defendant must show that the deficient performance prejudiced the defense. To demonstrate prejudice, the defendant must show the existence of a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. Because the defendant bears the burden of demonstrating both deficient performance and prejudice, the defendant necessarily bears the burden of establishing the factual predicate for his claim. [Citations and quotation marks omitted.]

Defendant was convicted of aggravated stalking under MCL 750.411i(2), which provides in relevant part as follows:

> An individual who engages in stalking is guilty of aggravated stalking if the violation involves any of the following circumstances:
>
> * * *
>
> (c) The course of conduct includes the making of 1 or more credible threats against the victim, a member of the victim's family, or another individual living in the same household as the victim.

"Stalking" is defined as "a willful course of conduct involving repeated or continuing harassment of another individual that would cause a reasonable person to feel terrorized, frightened, intimidated, threatened, harassed, or molested and that actually causes the victim to feel terrorized, frightened, intimidated, threatened, harassed, or molested." MCL 750.411i(1)(e). And a "credible threat" is defined as "a threat to kill another individual or a threat to inflict physical injury upon another individual that is made in any manner or in any context that causes the individual hearing or receiving the threat to reasonably fear for his or her safety or the safety of another individual." MCL 750.411i(1)(b).

Defendant sent the victim numerous text messages on at least two dates, March 15 and 19, 2017. These text messages were retrieved from defendant's phone and admitted at trial. Defendant sent the victim text messages threatening to hurt and kill the victim's children and

mother. She also sent the victim a photograph of the gun that defendant had previously used to threaten the victim. Considering the text messages in conjunction with the testimony the prosecution elicited showing the harassment defendant perpetrated against the victim and the impact on the victim, we agree there was an abundance of evidence to support the aggravated stalking conviction. Had trial counsel sought to disqualify herself, and assuming that the court would have deemed counsel a necessary witness, accepted the disqualification, and adjourned the trial, counsel could have testified at the eventual trial and provided defendant an alibi regarding the tire-slashing incident.[1] On the other hand, the prosecution would certainly have presented comparable evidence with respect to the text messages and defendant's other conduct, which would have supported beyond a reasonable doubt a guilty verdict for aggravated stalking. Assuming deficient performance by counsel, we conclude that defendant has failed to demonstrate the requisite prejudice as necessary to succeed on a claim of ineffective assistance of counsel. Indeed, it is conceivable that even without counsel as an alibi witness the jury may not have been convinced that defendant slashed the victim's tires. No one saw her do it or placed her at the scene. Reversal is unwarranted.

Defendant next argues that the trial court erred in admitting the other-acts evidence, i.e., evidence of the tire-slashing incident, to show a common plan or scheme. We initially note that the trial court, in very cursory fashion, admitted the other-acts evidence to show scheme and intent. See MRE 404(b)(1). Defendant fails to address the "intent" component of the court's ruling. "When an appellant fails to dispute the basis of a lower court's ruling, we need not even consider granting the relief being sought by the appellant." *Denhof v Challa*, 311 Mich App 499, 521; 876 NW2d 266 (2015). That said, the trial court's ruling was woefully inadequate in explaining the basis or reasoning for allowing the evidence to be admitted under MRE 404(b). See *People v Denson*, 500 Mich 385, 400; 902 NW2d 306 (2017) (mechanical recitation of a permissible purpose without explanation is insufficient to justify admission under MRE 404[b]; it is incumbent on trial courts to vigilantly weed out character evidence disguised as something else; a court must closely scrutinize the logical relevance of the evidence). Regardless, assuming error in admitting the other-acts evidence about the tire-slashing incident, we conclude defendant has failed to demonstrate that she was prejudiced by the error.

MCL 769.26 provides:

> No judgment or verdict shall be set aside or reversed or a new trial be granted by any court of this state in any criminal case, on the ground of misdirection of the jury, or the improper admission or rejection of evidence, or for error as to any matter of pleading or procedure, unless in the opinion of the court,

---

[1] See MRPC 3.7(a), which provides that "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client."

after an examination of the entire cause, it shall affirmatively appear that the error complained of has resulted in a miscarriage of justice.

MCL 769.26 was construed by our Supreme Court in *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999), wherein the Court explained:

> Section 26 places the burden on the defendant to demonstrate that "after an examination of the entire cause, it shall affirmatively appear that the error asserted has resulted in a miscarriage of justice." We agree . . . that reversal is only required if such an error is prejudicial and that the appropriate inquiry focuses on the nature of the error and assesses its effect in light of the weight and strength of the untainted evidence. The object of this inquiry is to determine if it affirmatively appears that the error asserted undermines the reliability of the verdict. In other words, the effect of the error is evaluated by assessing it in the context of the untainted evidence to determine whether it is more probable than not that a different outcome would have resulted without the error. [Citations, quotation marks, and alteration omitted.]

For the reasons discussed and set forth in analyzing the first issue raised by defendant, introduction of the other-acts evidence was harmless because it did not result in a miscarriage of justice, nor is it more probable than not that defendant would have been fully acquitted absent the assumed error. The untainted evidence clearly established the crime of aggravated stalking, so we find no reason to reverse.

We affirm.

/s/ Jane E. Markey
/s/ Karen M. Fort Hood
/s/ Michael F. Gadola